# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**September 2017 Term**

_____

**No. 17-0214**

_____

**STATE OF WEST VIRGINIA EX REL.
STATE OF WEST VIRGINIA,**
**Petitioner**

**V.**

**HONORABLE DAVID J. SIMS, JUDGE OF
THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA
AND ROBERT W. McFARLAND,**
**Respondents**

**FILED
October 6, 2017**

**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

**PETITION FOR WRIT OF PROHIBITION
WRIT GRANTED**

_____

**AND**

_____

**No. 17-0275**

_____

**STATE OF WEST VIRGINIA EX REL.
STATE OF WEST VIRGINIA,**
**Petitioner**

**V.**

**HONORABLE DAVID J. SIMS, JUDGE OF
THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA
AND JAMES WILKERSON,**
**Respondents**

_____

### PETITION FOR WRIT OF PROHIBITION
### WRIT GRANTED
_____

**Submitted:  September 19, 2017**
**Filed:  October 6, 2017**

**Patrick Morrisey**
**Attorney General**
**Robert L. Hogan**
**Charleston, West Virginia**
**Attorneys for Petitioner**

**Matthew Brummond**
**Public Defender Services**
**Charleston, West Virginia**
**Attorney for Respondent,**
**Robert W. McFarland**

**John M. Jurco**
**St. Clairsville, Ohio**
**Attorney for Respondent,**
**James Wilkerson**

**JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1. When a defendant files a motion to correct a sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure, the prosecuting attorney is entitled to reasonable notice and an opportunity to be heard on the motion.

2. A circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule.

**Davis, Justice:**

This matter involves two consolidated petitions for writs of prohibition. In petition No. 17-0275, the State seeks to prohibit enforcement of an order of the Circuit Court of Ohio County that reduced the criminal sentence of James Wilkerson. In petition No. 17-0214, the State seeks to prohibit enforcement of an order of the Circuit Court of Ohio County that reduced the criminal sentence of Robert W. McFarland. After carefully reviewing the briefs, the arguments of the parties, the legal authority cited, and the record presented for consideration, we grant the writs.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The two consolidated petitions in this matter involve different underlying circumstances. Therefore, we will present separate factual and procedural histories.

### A. Petition No. 17-0275

Petition No. 17-0275 involves the criminal prosecution of James Wilkerson. In November 2008, Mr. Wilkerson and a co-defendant, Brandon Myers, robbed and physically assaulted two thirteen-year-old boys. Mr. Wilkerson and Mr. Myers were jointly indicted on two counts of robbery in the first degree, two counts of assault during the commission of a felony, and one count of conspiracy to commit first degree robbery. Mr.

1

Myers eventually pled guilty to lesser offenses and received an effective sentence of ten to thirty-six years confinement.[1] The case against Mr. Wilkerson was tried before a jury in July 2011. The jury convicted him of two counts of first degree robbery, one count of assault during the commission of a felony, and one count of conspiracy to commit first degree robbery. The trial court sentenced Mr. Wilkerson to forty years incarceration for each of the robbery convictions and ordered the sentences to be served consecutively–for an effective sentence of eighty years. The sentences for the remaining convictions were ordered to be served concurrent to each other and concurrent to the eighty-year robbery sentence.

Mr. Wilkerson appealed his conviction. This Court affirmed the judgment in *State v. Wilkerson*, 230 W. Va. 366, 738 S.E.2d 32 (2013). In January 2014, Mr. Wilkerson filed a *pro se* motion under Rule 35(b) of the West Virginia Rules of Criminal Procedure seeking to have his sentence reduced. The trial court denied the motion as untimely.[2] In April 2014, Mr. Wilkerson filed a petition for a writ of habeas corpus in the circuit court. The circuit court denied the habeas petition in June 2016.[3] On July 7, 2016, Mr. Wilkerson filed another Rule 35(b) motion seeking to have his sentence reduced. The State was not

_____

[1]Mr. Wilkerson was offered the same plea deal that Mr. Myers was given. Mr. Wilkerson rejected the offer.

[2]The State indicates that it did not receive notice of the Rule 35(b) motion, and only learned of the matter after the trial court denied the motion.

[3] The denial of habeas relief is the subject of a pending appeal, No. 16-0689.

2

given notice of the motion, nor was the state given an opportunity to be heard. On July 12, 2016, the circuit court granted the motion and ordered Mr. Wilkerson's two forty-year sentences for first degree robbery be served concurrently. The State filed an appeal of the order and argued that the Rule 35(b) motion was untimely and that the State was not afforded notice and an opportunity to be heard.[4] Mr. Wilkerson filed a motion to dismiss the appeal on the grounds that no legal authority existed for the State to file an appeal. This Court granted the motion to dismiss the appeal on January 25, 2017. Subsequently, the State filed the instant petition for a writ of prohibition on March 23, 2017.

## B. Petition No. 17-0214

Petition No. 17-0214 involves the criminal prosecution of Robert W. McFarland. The record indicates that in October 2008, Mr. McFarland and a co-defendant, Eric Holmes, broke into the home of Jonathan Ward and Kelly Mitchell.[5] Mr. Ward was beaten with the butt of a shotgun and the home was robbed. The police captured Mr. McFarland and Mr. Holmes shortly after the robbery. Mr. McFarland was indicted on one count of robbery in the first degree, one count of assault during the commission of a felony,

---

[4]Before the State filed the instant petition for a writ of prohibition, the circuit court amended the order and indicated that the reduction of the sentence was under Rule 35(a), not Rule 35(b).

[5]Two children were also in the home at the time.

3

malicious assault, and one count of conspiracy.[6] Mr. McFarland eventually entered a guilty plea to attempted robbery in the first degree, and agreed not to challenge the sentence that was imposed. The circuit court accepted the plea and on July 10, 2009, sentenced Mr. McFarland to 70 years imprisonment.

Even though the plea agreement prohibited Mr. McFarland from challenging the sentence, he filed a petition for appeal with this Court. The petition was refused on January 28, 2010. On May 19, 2010, Mr. McFarland filed a motion to reduce his sentence under Rule 35(b). In an order entered on June 8, 2010, the circuit court denied the motion under Rule 35(a) and Rule 35(b).[7] Mr. McFarland thereafter filed a petition for habeas corpus relief in the circuit court. The circuit court denied habeas relief by orders entered on September 9, 2011, and on August 8, 2012. Mr. McFarland appealed the denial of habeas relief. This Court affirmed the denial in *McFarland v. Ballard*, No. 12-1105, 2013 WL 3184657 (W. Va. June 24, 2013).

In August 2013, Mr. McFarland filed a pro se motion in circuit court for a reduction of his sentence. The circuit court treated the motion as a Rule 35(b) motion and

---

[6]Mr. Holmes was charged separately and eventually convicted and sentenced to 75 years imprisonment.

[7]The motion was denied by Judge Recht.

4

denied the same on October 1, 2013.[8] On December 17, 2014, Mr. McFarland filed another Rule 35(b) motion with the circuit court. The State contends that it did not receive notice and an opportunity to be heard on the motion. On February 2, 2017, the circuit court entered an order reducing Mr. McFarland's sentence to 35 years.[9] This order purportedly was based upon Mr. McFarland's Rule 35(b) motion that was filed on May 19, 2010, and resolved by Judge Recht on June 8, 2010. The State subsequently challenged the order reducing the sentence though the instant petition for a writ of prohibition.[10]

---

[8]The motion was denied by the respondent, Judge Sims.

[9]The order was entered by the respondent, Judge Sims. The order contained no findings of fact and failed to cite any specific legal reason for granting the relief.

[10]In a supplemental response to the petition, Mr. McFarland informed this Court that, while the petition was pending, he asked the Parole Board to place him on parole based upon the circuit court's order reducing his sentence. Mr. McFarland has indicated that the Parole Board granted him parole. Mr. McFarland now asks this Court to prohibit the State from challenging his release on parole in this proceeding. The State has responded that it is not raising the issue of Mr. McFarland's release on parole in this proceeding. However, the State notes, and we agree, that Mr. McFarland's release on parole does not moot our resolution of the validity of the sentence reduction order. In view of our ultimate resolution of the sentence reduction issue, the Parole Board may seek to rescind its order placing Mr. McFarland on parole. *See* W. Va. C.S.R. § 92-2-4.1 ("The Board may rescind and issue a Notice of Temporary Rescission of any grant of parole, . . . [i]f any information becomes available to the Board which contravenes the evidence the Panel used to reach the parole decision."). *See also Hawkins v. Freeman*, 195 F.3d 732 (4th Cir. 1999) (finding no due process violation in revoking defendant's parole solely on the basis that he was erroneously released on parole); *Geer v. Riley*, No. 8:09-1769-CMC-BHH, 2009 WL 3571541 (D.S.C. Oct. 26, 2009) (revoking defendant's parole two years after learning that he was erroneously placed on parole); *United States ex rel. Claybourn v. Illinois Dep't of Corr.*, No. 00 C 7896, 2000 WL 1889679 (N.D. Ill. Dec. 28, 2000) (revoking defendant's parole four months after learning that he was erroneously placed on parole). We wish to make clear that we take no position on the merits of any action by the Parole Board to rescind the parole order. *See*

(continued...)

5

## STANDARD OF REVIEW

Both of the consolidated cases in this matter seek a writ of prohibition to prevent enforcement of resentencing orders by the circuit court. There are limited circumstances in which the State may request a writ of prohibition in a criminal matter. We have held that

> The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.

Syl. pt. 5, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), *superseded by statute on other grounds as recognized by State v. Butler*, 239 W. Va. 168, 799 S.E.2d 718 (2017). In Syllabus point 4 of *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996), we set forth the following standard for issuance of a writ of prohibition:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but

---

[10](...continued)
*Green v. Christiansen*, 732 F.2d 1397, 1399 (9th Cir. 1984) (recognizing "that the government has waived the right to reincarcerate when its agents' actions are so affirmatively improper or grossly negligent that it would be unequivocally inconsistent with fundamental principles of liberty and justice to require a legal sentence to be served in its aftermath.").

only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

With the foregoing in mind, we turn to the issues presented.

### III.

### DISCUSSION

In order to resolve the petitions presented in this matter we need only address the merits of two issues. First, in the case of Mr. Wilkerson the dispositive issue is whether the State was entitled to notice and an opportunity to be heard before the circuit court ruled upon his Rule 35 motion.[11] The second issue that we will address concerns the State's

---

[11]The State's petition presented several additional arguments that attacked the reasons given by the circuit court for reducing Mr. Wilkerson's sentence. We will not address those additional arguments on the merits in this proceeding. The additional arguments made by the State should be considered and ruled upon in the first instance by the circuit court, particularly when, as here, the State has presented four affidavits in support of its arguments

(continued...)

7

contention that the circuit court did not have jurisdiction over Mr. McFarland's Rule 35(b) motion.[12]

### A. *The State's Right to Notice and an Opportunity to Be Heard on a Rule 35(a) Motion*

As previously noted, Mr. Wilkerson filed a Rule 35(b) motion, which the circuit court converted into a Rule 35(a) motion in its second order.[13] Consequently, our analysis is under Rule 35(a). The State contends that this Court should prohibit enforcement of the order reducing Mr. Wilkerson's sentence, because it did not have notice that Mr. Wilkerson filed the motion for sentence reduction, nor was it afforded an opportunity to be heard in opposition to the motion.[14] Mr. Wilkerson contends that the State is not entitled to

---

[11](...continued)
against the sentence reduction. Upon remand, the State will have an opportunity to present to the circuit court its reasons for opposing the motion. *See Skaggs v. Eastern Associated Coal Corp.*, 212 W. Va. 248, 256 n.3, 569 S.E.2d 769, 777 n.3 (2002) ("Because the circuit court did not reach the merits of these [contentions] . . ., we decline to address them, and leave them for the circuit court to address on remand.").

[12]The State also argued that it did not have notice and an opportunity to be heard on Mr. McFarland's Rule 35(b) motion. Insofar as the dispositive issue presented by Mr. McFarland's motion involves the jurisdiction of the circuit court, we need not address the notice and opportunity to be heard argument as it relates to Mr. McFarland's motion.

[13]The State contends, and we agree, that the circuit court converted the motion from Rule 35(b) to Rule 35(a), because the motion was untimely under Rule 35(b).

[14]Mr. Wilkerson has argued that the petition in this case should be dismissed as untimely, because it was not filed until more than eight months after the circuit court's initial order. Insofar as the delay was attributed to the State's erroneous, but good faith belief
(continued...)

relief for three reasons. First, Mr. Wilkerson argues that he filed the motion pro se and

innocently and unknowingly failed to serve a copy on the State. Second, he argues that "Rule

35(a) does not set forth any requirement that a trial court give the State the opportunity to

defend an illegal sentence." Third, Mr. Wilkerson contends that the State could have filed

a motion for reconsideration once it received the order reducing his sentence. For the reasons

to follow, we reject Mr. Wilkerson's arguments.

The text of Rule 35(a) provides as follows:

> (a) Correction of Sentence. The court may correct
> an illegal sentence at any time and may correct a
> sentence imposed in an illegal manner within the

---

[14](...continued)

that it could appeal that order, we decline to dismiss the petition. The State promptly filed the petition after our dismissal of the erroneous appeal. We addressed a similar issue in *State ex rel. Smith v. Sims*, 235 W. Va. 124, 772 S.E.2d 309 (2015), as follows:

> J.Y. urges this Court to dismiss this petition seeking a writ of prohibition as untimely. We decline to do so because the petitioner did in fact immediately file an appeal of the March 6, 2014, dismissal order with this Court on March 19, 2014. However, by order dated September 17, 2014, this Court dismissed the appeal. . . . Following entry of our order, the petitioner promptly filed this petition for a writ of prohibition.

*Id.* at 132 n.5, 772 S.E.2d at 317 n.5. *See also State ex rel. David Allen B. v. Sommerville*, 194 W. Va. 86, 89 n.6, 459 S.E.2d 363, 366 n.7 (1995) ("So long as the act sought to be prohibited has not occurred, the relief sought in this case will not be considered to be time barred."); *State ex rel. W. Virginia Truck Stops, Inc. v. McHugh*, 160 W. Va. 294, 299, 233 S.E.2d 729, 732 (1977) ("The mere expiration of time is not the controlling factor in determining whether the petitioner proceeded in prohibition in a timely manner. There must be an intervening change of position of the respondent induced by the inaction of the petitioner.").

> time period provided herein for the reduction of sentence.

It is quite clear that Rule 35(a) does not expressly require that the State be given notice and an opportunity to be heard. However, the absence of explicit language in Rule 35(a) affording the State the right to notice and an opportunity to be heard is not controlling. We resolved a similar issue in *State ex rel. Reed v. Douglass*, 189 W. Va. 56, 427 S.E.2d 751 (1993).

In *Reed,* the defendant filed a motion under Rule 32.1(b) of the West Virginia Rules of Criminal Procedure seeking early release from probation. The defendant served a copy of the motion, which included a date that the motion would be heard by the circuit court, on the State. However, before the date of the hearing the circuit court entered an order releasing the defendant from probation. The State subsequently filed a petition for writ of prohibition with this Court seeking to preclude enforcement of the order. In that proceeding, the State argued that it was entitled to both notice and an opportunity to be heard before the circuit court resolved the motion. This Court initially observed that Rule 32.1(b) did not expressly provide for the State to be given notice and an opportunity to be heard.[15] However, the Court found that, in light of other rules, it was clear that notice and an opportunity to be heard was required. The opinion addressed the matter as follows:

---

[15]The rule was subsequently amended to expressly provide for notice and an opportunity to be heard.

10

[U]nder Rule 49(a) of the West Virginia Rules of Criminal Procedure, the parties in a criminal proceeding are required to serve written motions on each other. Under Rule 32(a)(1) of the West Virginia Rules of Criminal Procedure, when sentencing is initially considered by the court, "[t]he attorney for the state shall have an equivalent opportunity [as the defendant and counsel] to speak to the court."

Moreover, Rule 32(c)(3)(C) of the West Virginia Rules of Criminal Procedure, which relates to the presentence investigation and report to the court, provides that any material in the report "which [is] disclosed to the defendant and his counsel shall be disclosed to the attorney for the state." . . .

. . . .

Under the provisions of the West Virginia Rules of Criminal Procedure, we conclude that Rule 49(a), which requires notice to be served on the other party, Rule 32(c)(3)(C), which grants to the prosecuting attorney the right to review presentence information, and Rule 32(a)(1), which grants to the prosecuting attorney the right to address the court regarding sentencing, carry the implied right on the part of the prosecuting attorney to be heard where a defendant seeks a favorable modification of the terms of probation. . . .

Consequently, we hold that when a defendant moves to obtain a favorable modification of the terms of probation under Rule 32.1(b) of the West Virginia Rules of Criminal Procedure, the prosecuting attorney is entitled to reasonable notice of the motion for modification and an opportunity to be heard.

The respondent judge's failure to accord an opportunity to the prosecuting attorney to be heard and entry of the order without a hearing were acts beyond his legitimate powers and are, therefore, subject to prohibition. . . .

11

*Reed*, 189 W. Va. at 57-59, 427 S.E.2d at 752-54 (footnote omitted).  The decision in *Reed* controls our resolution of whether notice and opportunity to be heard is required under Rule 35(a).

As previously noted, Rule 35(a) does not expressly provide for the State to receive notice and have an opportunity to be heard.  However, as *Reed* pointed out, Rule 49(a) of the West Virginia Rules of Criminal Procedure requires written motions be served on all parties.[16]  *See also State v. Dorisio*, 189 W. Va. 788, 795, 434 S.E.2d 707, 714 (1993) (noting that Rule 49(a) requires that "[w]ritten motions . . . shall be served upon each of the parties[.]").[17]  Further, as noted in *Reed*, Rule 32(c)(3) requires the court to give the State an

---

[16]Rule 49(a) provides as follows:

> (a) *Service*: *When Required* – Written motions other than those which are heard ex parte, written notices, designations of record on appeal, and similar papers shall be served upon each of the parties.

[17]*See also United States v. Esekhigbe*, Crim. No. H-05-0354-1, 2012 WL 2361733, at *1 n.1 (S.D. Tex. June 20, 2012) ("Defendant filed a subsequent pro se amended motion, but failed to serve the Government. Consequently, the amended motion is not before the Court.")*; Morgan v. State*, 359 Ark. 168, 177, 195 S.W.3d 889, 895 (2004) ("The record reveals that Appellant attempted to file several pro se motions, but was not allowed to do so because of his failure to serve the State with copies of the motions."); *State v. Bohanna*, No. 16-CA-81, 2017 WL 3207976 at *2 (Ohio Ct. App. July 27, 2017) ("[T]he trial court . . . denied Appellant's motion for leave, as a blanket motion, finding Appellant had not served the motion(s) upon any other party in the case, pursuant to Criminal Rule 49.").

12

opportunity to be heard before a defendant is sentenced.[18] *See also Seward v. Hane*, 882

N.W.2d 874, at *4 (Iowa Ct. App. 2016) ("[T]he State . . . was entitled to notice and an

opportunity to be heard."); *State v. Heinz*, 146 Ohio St. 3d 374, 380, 56 N.E.3d 965, 972

(2016) ("[A]s the state's legal representative, the prosecuting attorney is entitled to proper

---

[18]Rule 32(c)(3) provides as follows:

(3) Imposition of Sentence. – Before imposing sentence, the court must:

(A) verify that the defendant and defendant's counsel have read and discussed the presentence report made available under subdivision (b)(6)(A). If the court has received information excluded from the presentence report under subdivision (b)(5) the court in lieu of making that information available must summarize it in writing, if the information will be relied on in determining sentence. The court must also give the defendant and the defendant's counsel a reasonable opportunity to comment on that information;

(B) afford defendant's counsel an opportunity to speak on behalf of the defendant;

(C) address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of sentence;

(D) afford the attorney for the state an opportunity equivalent to that of the defendant's counsel to speak to the court; and

(E) if sentence is to be imposed for a crime of violence or sexual abuse, address the victim personally if the victim is present at the sentencing hearing and determine if the victim wishes to make a statement or present any information in relation to the sentence.

13

notice and an opportunity to appear and be heard at proceedings in which the state is a party[.]"). In light of our decision in *Reed* and the requirements of Rule 32(c)(3) and Rule 49(a), we now hold that when a defendant files a motion to correct a sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure, the prosecuting attorney is entitled to reasonable notice and an opportunity to be heard on the motion.

The record is quite clear in showing that the State did not receive notice and an opportunity to be heard on Mr. Wilkerson's motion to reduce his sentence. Consequently, prohibition is appropriate to preclude enforcement of the circuit court's order reducing Mr. Wilkerson's sentence. On remand, the circuit court must afford the State an opportunity to be heard on the merits of Mr. Wilkerson's converted Rule 35(a) motion.

### B. Jurisdictional Time Limitation in Rule 35(b)

The State contends that Mr. McFarland's Rule 35(b) motion was untimely; therefore, the circuit court lacked jurisdiction to reduce his sentence.[19] Mr. McFarland argues

---

[19]Mr. McFarland filed his Rule 35(b) motion on December 17, 2014. However, the circuit court's order erroneously stated that it was granting relief based upon a Rule 35 motion filed by Mr. McFarland on May 19, 2010. The record clearly shows that Judge Recht entered a final order on June 7, 2010, that denied Mr. McFarland relief under Rule 35(a) and Rule 35(b). Therefore, the circuit court could not base its ruling on the May 19, 2010, motion, because it was previously resolved on the merits by Judge Recht. In fact, in this proceeding Mr. McFarland has not argued that he sought relief under the May 19, 2010, motion. It is obvious to this Court that the circuit court was attempting to circumvent the

(continued...)

that the time limitation in Rule 35(b) is not jurisdictional; therefore, the circuit court had authority to grant him relief under the rule.[20] We disagree with Mr. McFarland.

We begin by examining the text of the relevant rules. Rule 35(b) provides in part as follows:

---

[19](...continued)
time limitation set out under Rule 35(b) by reviving a motion that already had been resolved and final. Consequently, our analysis of Mr. McFarland's Rule 35(b) motion will be based upon the motion he filed on December 17, 2014.

[20]Mr. McFarland has also argued that this Court does not have authority to create procedural rules that are jurisdictional. According to Mr. McFarland, only the legislature can enact procedural rules that are jurisdictional. Mr. McFarland has not cited to any authority holding that this Court's constitutional rule-making authority is limited to creating non-jurisdictional rules. *See* Syl. pt. 5, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999) ("The West Virginia Rules of Criminal Procedure are the paramount authority controlling criminal proceedings before the circuit courts of this jurisdiction; any statutory or common-law procedural rule that conflicts with these Rules is presumptively without force or effect."); Syl. pt. 1, *Stern Brothers, Inc. v. McClure*, 160 W.Va. 567, 236 S.E.2d 222 (1977) ("Under Article VIII, Section 8 [and Section 3] of the Constitution of West Virginia (commonly known as the Judicial Reorganization Amendment), administrative rules promulgated by the Supreme Court of Appeals of West Virginia have the force and effect of statutory law and operate to supersede any law that is in conflict with them."). It is true that many of the time periods in rules promulgated by this Court are not jurisdictional. *See, e.g.*, Syl. pt. 3, *Crea v. Crea*, 222 W. Va. 388, 664 S.E.2d 729 (2008) ("Rule 28(a) of the West Virginia Rules of Practice and Procedure for Family Court is not jurisdictional and may be extended for good cause."). However, this does not mean that we do not have authority to promulgate rules with time periods that are jurisdictional. *See, e.g.*, Syl. pt. 3, *Roberts v. Consolidation Coal Co.*, 208 W. Va. 218, 539 S.E.2d 478 (2000) ("'The requirement of Rule 59(b) of the Rules of Civil Procedure that a motion for a new trial shall be served not later than ten days after entry of the judgment is mandatory and jurisdictional. The time required for service of such a motion cannot be extended by the court or by the parties.' Syllabus point 1, *Boggs v. Settle*, 150 W. Va. 330, 145 S.E.2d 446 (1965).").

(b) *Reduction of sentence*. – A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. . . .

The 120-day limitation on filing a motion under Rule 35(b) is addressed in Rule 45(b)(2) of the West Virginia Rules of Criminal Procedure as follows:

(b) *Enlargement*. – When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion:

. . . .

(2) Upon motion made after the expiration of the specified period, permit the act to be done if the failure to act was the result of excusable neglect; but *the court may not extend the time for taking any action under Rules 29, 33, 34 and 35*, except to the extent and under the conditions stated in them.

(Emphasis added).

It is clear that Rule 35(b) imposes a 120-day limitation on filing a motion under it, and Rule 45(b)(2) prohibits enlargement of that time period. We have previously upheld circuit court rulings denying motions under Rule 35(b) as being untimely filed. *See Barritt v. Painter*, 215 W. Va. 120, 122, 595 S.E.2d 62, 64 (2004) ("[T]he Appellant's [Rule 35(b)] motion was untimely and properly denied by the lower court."); *See also State v. Stephens*,

16

No. 15-0291, WL 765746, at *2 (W. Va. Feb. 26, 2016) (mem. dec.) ("[P]etitioner's January 27, 2015, motion was untimely filed under Rule 35(b), which requires that a motion for a reduction of sentence be filed within 120 days after imposition of the same."); *State v. Cline*, No. 14-1098, 2015 WL 3694312, at *2 (W. Va. June 15, 2015) (mem. dec.) ("Petitioner missed the deadline to file a motion for reduction of sentence by approximately ninety days."); *State v. Harris*, No. 13-1073, 2014 WL 4693602, at *2 (W. Va. Sept. 22, 2014) (mem. dec.) ("Further, it is clear that petitioner's motion for reduction of sentence was untimely."); *State v. Redman*, No. 13-0225, 2014 WL 1272553, at *3 (W. Va. Mar. 28, 2014) (mem. dec.) ("Petitioner's attempt to reduce his sentence based on these factors failed to meet the time limits found in Rule 35(b) and the circuit court was correct in failing to consider them."); *Cook v. Plumley*, No. 12-1348, 2013 WL 6184030, at *2 (W. Va. Nov. 26, 2013) (mem. dec.) ("[P]etitioner's probation was revoked in April of 2005, but his Rule 35(b) motion to reduce his sentence that is the subject of the present appeal was not filed until September of 2011, well beyond the 120-day limitation required by the statute and our case law."); *State v. Brooks*, No. 12-0454, 2013 WL 2300973, at *2 (W. Va. May 24, 2013) (mem. dec.) ("Rule 35(b) of the West Virginia Rules of Criminal Procedure clearly states that a motion for reduction of sentence must be made within 120 days after sentence is imposed. It is undisputed that petitioner failed to meet this deadline, and the circuit court was correct to deny the motion as untimely, to the extent petitioner sought a reduction of sentence."); *Mugnano v. Ballard*, No. 11-0464, 2012 WL 3030871, at *2 (W. Va. June 29, 2012) (mem.

17

dec.) ("this Court concludes that the circuit court did not abuse its discretion in denying Mr. Mugnano's Rule 35(b) motion as untimely filed[.]").  However, we have not been previously called upon to decide whether the time period in Rule 35(b), read in conjunction with Rule 45(b)(2), is a jurisdictional limitation.  As an issue of first impression, we turn to federal decisions that have squarely addressed the issue.

Federal courts have addressed the jurisdiction issue in the context of similar prior versions of federal Rule 35(b) and federal Rule 45(b).[21]  In *United States v. Hill*, 826 F.2d 507 (7th Cir. 1987), the Seventh Circuit succinctly addressed the issue as follows:

> Rule 35(b) grants only 120 days in which to file, and Fed. R. Crim. P. 45(b) forbids the enlargement of this period. The 120-day period is jurisdictional. . . .  Under a former version of Rule 35(b), the 120 days was a limit on the judge's power to reduce the sentence. . . .  Now only the filing deadline is jurisdictional.  Either way, Rule 45(b) establishes that the deadline is inflexible. . . .  Hill missed the deadline, and missing a jurisdictional deadline deprives the court of power to act. . . .

*Id.* 826 F.2d at 508 (internal citations omitted).  It has been said that "the 120-day limit for filing a Rule 35(b) motion is jurisdictional and cannot be waived or extended." *Silano v. United States*, 621 F. Supp. 1103, 1105 (E.D.N.Y. 1985).  *See also United States v. Addonizio*, 442 U.S. 178, 189, 99 S. Ct. 2235, 2242-43, 60 L. Ed. 2d 805 (1979) ("Federal

---

[21]The current version of federal Rule 35(b) is now substantively different from our rule. The current version of federal Rule 45(b), while worded differently, is substantively the same as our rule.

18

Rule Crim. Proc. 35 now authorizes district courts to reduce a sentence within 120 days after it is imposed or after it has been affirmed on appeal. The time period, however, is jurisdictional and may not be extended."); *United States v. Hudson*, 9 F.3d 104 (5th Cir. 1993) ("As Hudson does not allege that his sentence was illegal, Rule 35(b)'s jurisdictional time limit on such claims bars them."); *United States v. Jay*, 979 F.2d 849 (4th Cir. 1992) ("The 120-day limit of Rule 35(b) is jurisdictional."); *United States v. Foley*, 983 F.2d 1073 (7th Cir. 1992) ("The limit established by Rule 35(b) was jurisdictional."); *United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990) ("The time limit prescribed by Rule 35 is jurisdictional, and unless the 120 day requirement is met, the court has no jurisdiction or power to alter sentence." (internal quotations and citation omitted)); *In re United States*, 898 F.2d 1485, 1486 (11th Cir. 1990) ("The time period is jurisdictional; consequently, a court may not extend the 120-day period and is without jurisdiction to entertain a Rule 35(b) motion filed after the period expires."), superseded by rule on other grounds as recognized by *United States v. Orozce*, 160 F.3d 1309, 1313 (1998); *United States v. Smith*, 839 F.2d 175, 182 (3d Cir. 1988) ("[W]e do not consider whether Smith failed to meet the 120-day requirement of Rule 35(b), which is jurisdictional and cannot, under any circumstances, be extended by order of the court."); *United States v. Gomez-Soto*, No. CR-82-0561-SC, 1994 WL 507719, at *1 (N.D. Cal. Aug. 29, 1994) ("The time limit prescribed by Rule 35(b) is jurisdictional, and unless the 120 day requirement is satisfied, the court has no jurisdiction or power to alter the sentence."), *aff'd in part, vacated in part,* 68 F.3d 481 (9th Cir. 1995);

19

*United States v. Howard*, No. Crim. 92-00074-01-SD, 1994 WL 258630, at *2 n.4 (D.N.H. Jan. 20, 1994) ("The 120-day time limitation of former Rule 35(b) is jurisdictional and may not be extended."); *United States v. Urdaneta*, 771 F. Supp. 28, 35 (E.D.N.Y. 1991) ("Under Rule 35(b) as it provided prior to November 1, 1987, a motion to reduce a sentence could be made within 120 days after the sentence was imposed or probation was revoked, a time period which is jurisdictional, and may not be extended."); *Sparks v. United States*, Nos. 91 C 851 & 89 CR 149-5, 1991 WL 83562, at *1 (N.D. Ill. May 10, 1991) ("In its letter this Court told Sparks accurately that it had no jurisdiction under Fed.R.Crim.P. (Rule) 35(b) to grant such relief because his request had come far outside of the jurisdictional 120-day time limit[.]"); *United States v. Young*, No. 86-386, 1991 WL 55819, at *6 (E.D. La. Apr. 8, 1991) ("It is well established that [t]he 120-day time limit stated in Rule 35(b) is jurisdictional and cannot under any circumstances be extended by the court." (internal quotations and citation omitted)); *United States v. Sinclair*, 702 F. Supp. 477, 479 (D. Del. 1989) ("A Rule 35(b) motion must be made within 120 days from the imposition of sentence or its affirmance on appeal. The 120-day time period is jurisdictional and cannot be extended by order of a court."); *United States v. Williams*, No. 79-13, 1988 WL 2146, at *1 (E.D. Pa. Jan. 12, 1988) ("The time limits of Rule 35(b) are jurisdictional. If the motion is untimely under the rule and the sentence is a lawful one, the court is powerless to act."); *United States v. Dickenson*, 673 F. Supp. 2, 3 (D. Me. 1987) ("The import of the jurisdictional content of the Rule 35 requirement is that the Court loses jurisdiction over the sentence for purposes of modification

20

pursuant to the Rule if a timely motion for modification of the sentence is not filed within the 120-day period specified."); *United States v. Nevarez-Diaz*, 648 F. Supp. 1226, 1229 (N.D. Ind. 1986) ("It is well settled that the 120-day time limit of Rule 35(b) is jurisdictional in nature and, as such, cannot be extended by the sentencing court."); *United States v. Lee*, 382 F. Supp. 292, 295 (S.D.W. Va. 1974) ("The 120-day time limitation stated in Rule 35 is jurisdictional and cannot, under any circumstances, be extended by order of the court.").

Although we are not bound by the interpretation federal courts placed on a former version of its Rule 35(b), we find the decisions of those courts persuasive on the question of jurisdiction.[22] *See State v. Sutphin*, 195 W.Va. 551, 563, 466 S.E.2d 402, 414 (1995) ("[W]e have repeatedly recognized that when codified procedural rules . . . of West Virginia are patterned after the corresponding federal rules, federal decisions interpreting those rules are persuasive guides in the interpretation of our rules." (citations omitted)). Consequently, we hold that a circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule.

---

[22]We have previously declined to follow federal courts in resolving a different issue under Rule 35(b). *See State v. Head*, 198 W. Va. 298, 304, 480 S.E.2d 507, 513 (1996) ("Given the history of federal Rule 35(b), we find the federal interpretations of their former Rule 35(b) have limited persuasive value in determining a 'reasonable period' under our Rule 35(b).").

In the instant proceeding, the record shows that Mr. McFarland's petition for appeal of his original sentencing order was refused by this Court on January 28, 2010. Under the terms of Rule 35(b), Mr. McFarland had 120 days from the date of the denial of his petition for appeal to file a motion for reduction of his sentence. However, the Rule 35(b) motion that Mr. McFarland relied upon to obtain relief was filed on December 17, 2014, nearly four years after his petition for appeal was denied. This motion clearly was untimely. Therefore, the circuit court was without jurisdiction to rule on the merits of the motion. Consequently, prohibition is appropriate to prevent enforcement of the circuit court's order reducing Mr. McFarland's original sentence.

## IV.

## CONCLUSION

The petition for a writ of prohibition in case No. 17-0275 is granted. The circuit court is prohibited from enforcing its order reducing the criminal sentence of Mr. Wilkerson. This case is remanded for the circuit court to give the State notice of a hearing and an opportunity to be heard on the motion to correct Mr. Wilkerson's sentence. In case No. 17-0214, the petition for a writ of prohibition is granted. The circuit court is prohibited from enforcing its order reducing the criminal sentence of Mr. McFarland. Finally, this case is remanded with instructions to dismiss Mr. McFarland's Rule 35(b) motion as untimely filed.

22

Writs granted.