# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0471** (Ohio County 09-F-10)

**James Wilkerson,**
**Defendant Below, Petitioner**

**FILED**
**December 7, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James Wilkerson, by counsel John M. Jurco, appeals the order of the Circuit Court of Ohio County, entered on April 17, 2019, denying his "motion for relief from sentence." Respondent State of West Virginia, appears by counsel Patrick Morrisey and Benjamin F. Yancey III.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2011, Petitioner James Wilkerson, described in his brief as a person of color, was sentenced to a determinate term of forty years of incarceration in the West Virginia State Penitentiary for each of his two convictions of robbery in the first degree, for an effective term of eighty years, along with concurrent terms of two to ten years for his conviction of assault and one to five years for his conviction of conspiracy. Mr. Wilkerson committed these crimes when he was twenty years old, together with an eighteen-year-old codefendant described by Mr. Wilkerson as Caucasian. The codefendant entered a midtrial *Alford*[1] plea to two counts of robbery in the second degree, prior to Mr. Wilkerson's trial, and was sentenced to two consecutive terms of five to eighteen years of incarceration in the West Virginia State Penitentiary.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970) and *Kennedy v. Frazier,* 178 W. Va. 10, 12, 357 S.E.2d 43, 45 (1987) ("The Supreme Court held that there is no bar to imposing a prison sentence upon an accused who is unwilling to admit guilt but who is willing to waive trial and accept the sentence. An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him").

1

We upheld Mr. Wilkerson's criminal conviction in *State v. Wilkerson*, 230 W. Va. 366, 738 S.E.2d 32 (2013). In that case, the Court described how Mr. Wilkerson and his codefendant, in equal measure, approached two male victims at a playground in Wheeling and repeatedly punched and kicked the victims to unconsciousness. The victims surrendered a wallet and a cell phone to their attackers. The victims each were thirteen years old.

We revisited the circumstances of Mr. Wilkerson's incarceration in *Wilkerson v. Ballard*, No. 16-0689, 2017 WL 5513613 (W. Va. Nov. 17, 2017) (memorandum decision)(affirming the denial of Mr. Wilkerson's petition for writ of habeas corpus) and *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017)(remanding the circuit court's order granting Mr. Wilkerson's first Rule 35 motion to allow the State an opportunity to be heard). The matter is before us now on the circuit court's denial, by order entered on April 17, 2019, of Mr. Wilkerson's second Rule 35 motion, which challenged his sentence as illegally disproportionate to that of his codefendant's.[2] Petitioner argued to the circuit court that his codefendant received a more favorable sentence based on his race. In denying this motion, the circuit court found that Mr. Wilkerson's sentence was disparate from the codefendant, but not unlawfully so. The court recognized that Mr. Wilkerson chose to proceed to trial and was then convicted of four out of the five counts on which he was indicted, as opposed to his codefendant's two convictions, which were pled to lesser offenses. The

---

[2]Mr. Wilkerson did not include a copy of his motion in the appendix record on appeal. According to the circuit court's order, Mr. Wilkerson filed the motion on January 12, 2018. In his brief, Mr. Wilkerson refers to the motion as one for "relief" from sentence. The circuit court refers to the motion as one to "reduce" the sentence pursuant to Rule 35(a). Rule 35 provides:

(a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence.

(b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

W. Va. R. Crim. P. 35. Respondent refers to the motion as a Rule 35(a) motion and has not called the timeliness of the motion into question. Because the circuit court specifically refers to the legality of Mr. Wilkerson's sentence, we proceed with the understanding that the matter before us is the denial of a Rule 35(a) motion. We also note that Mr. Wilkerson filed the Rule 35 motion that is now before us after we remanded the circuit court's granting of his earlier-filed Rule 35(b) motion, converted by the circuit court to a Rule 35(a) motion, to allow the State an opportunity to be heard. *See Sims*, 239 W. Va. at 769, 806 S.E.2d at 425.

2

court also recognized that Mr. Wilkerson was arrested for a separate offense after the robbery of the two boys, but before his trial.

In his appeal, Mr. Wilkerson asserts a single assignment of error. He argues that the circuit court erred in denying his motion because, he explains, his sentence violates the cruel and unusual punishment and equal protection provisions of the West Virginia and United States Constitutions. We consider petitioner's assignment of error under the following directive:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

Having reviewed the facts presented to us under this standard, we find no error in the circuit court's denial of petitioner's Rule 35 motion. The circuit court adequately explained that it employed the principle that

> [d]isparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.

Syl. Pt. 2, *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984). Though the evidence suggests that Mr. Wilkerson was no more culpable than his codefendant in the heinous attack of thirteen-year-old boys, Mr. Wilkerson and his codefendant are not similarly situated. The circuit court set forth multiple valid bases for its conclusion, but we emphasize a single decisive factor: Mr. Wilkerson's convictions included two counts of robbery in the first degree, while his codefendant pled guilty to two counts of robbery in the second degree, a lesser offense. Concentrating on this point, we find that petitioner's "claim of disparate sentencing is untenable given the guilty pleas and subsequent convictions to two separate and distinct offenses by [petitioner] and the codefendant. . . ." *State v. Watkins*, 214 W. Va. 477, 481, 590 S.E.2d 670, 674 (2003).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4