**FILED**

**June 13, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0713** (Berkeley County CC-02-1984-F-40)

**Herman D. Catlett,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Herman D. Catlett appeals the Circuit Court of Berkeley County's August 19, 2021, order denying his motion for resentencing without the opportunity to file a reply to the State's response to that motion. He contends that the circuit court committed plain error by prematurely denying his motion.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the conviction is appropriate. *See* W. Va. R. App. P. 21.

Petitioner was convicted of first degree murder in 1986 and sentenced to life imprisonment without the possibility of parole. He appealed that conviction to this Court, and we affirmed in *State v. Catlett*, 180 W. Va. 447, 376 S.E.2d 834 (1988). Since that time, petitioner has filed seven petitions for habeas relief before the circuit court and two federal petitions for habeas relief, all of which were denied. Petitioner appealed the denial of some of the state habeas petitions to this Court, and this Court rejected the appeals or issued memorandum decisions affirming those denials.[2] On July 16, 2021, petitioner, without the assistance of counsel, filed a motion for resentencing in order to bring a timely motion to reduce his sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure.[3] In its August 19, 2021, order denying that motion, the

---

[1] Petitioner is self-represented, and respondent is represented by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bissett.

[2] *See Catlett v. Ballard*, No. 13-0078, 2013 WL 5989157 (W. Va. Nov. 12, 2013) (memorandum decision) and *Catlett v. Ames*, No. 19-0179, 2020 WL 1951731 (W. Va. Apr. 23, 2020) (memorandum decision).

[3] Rule 35(b) provides, in relevant part, that

(Continued . . .)

circuit court determined that petitioner is not entitled to any relief for a reduction of his sentence pursuant to Rule 35(b), noting that he was convicted of first degree murder with no jury recommendation of mercy. It also stated that "West Virginia Code § 62-3-15 provides that if a defendant is convicted of first degree murder, he shall be punished by imprisonment in the penitentiary for life, and shall not be eligible for parole." Further, it found that a recommendation regarding mercy is solely within the purview of the jury. *See* Syl. Pt. 7, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992). The court, therefore, concluded that it had no discretion to reduce petitioner's sentence should his request be granted. It went on to find that petitioner provided no basis for a resentencing order, nor had he provided sufficient legal precedent in support of his request. Petitioner appeals from that order.

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *State v. Meadows*, 231 W. Va. 10, 743 S.E.2d 318 (2013).

On appeal, petitioner argues that the circuit court erred by denying his motion for resentencing before he received the State's response to his motion, taking away his opportunity to file a reply. At the outset, we consider the lengthy history of petitioner's case, including his direct appeal and his multiple petitions for habeas relief at both the state and federal levels. Further, as set forth in Rule 36.04(b) of the West Virginia Trial Court Rules, in relevant part, "[e]xcept as to motions for an extension of time, a party may choose to file a reply memorandum. A reply memorandum must be limited to matters newly raised in the opposing memorandum." Although petitioner argues that he had a right to file a reply, he fails to tell this Court what that reply would have included related to "matters newly raised" by the State in its response brief.

> This Court recently addressed the denial of a motion for resentencing, as follows:
>
> Petitioner argues on appeal that the circuit court erred in finding that it did not have jurisdiction to resentence him for the purpose of restarting the period in which he would be able to file a Rule 35(b) motion for reconsideration of sentence. . . . [T]his Court has repeatedly upheld the strict timeframes governing the filing of Rule 35(b) motions. As set forth above, Rule 35(b) motions must be filed within 120 days of the imposition of the sentence. As this Court found, "a circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of sentence under Rule

---

A motion to reduce a sentence may be made . . . within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.

35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." *State ex rel. State v. Sims*, 239 W.Va. 764, 773, 806 S.E.2d 420, 429 (2017). While petitioner argues that he is merely seeking to be resentenced in order to reset the 120-day filing period, this conflicts with the purpose of the applicable time limitations. Indeed, this Court has found that "[i]t is clear that Rule 35(b) imposes a 120-day limitation on filing a motion under it, and Rule 45(b)(2) [of the West Virginia Rules of Criminal Procedure] prohibits enlargement of that time period. We have previously upheld circuit court rulings denying motions under Rule 35(b) as being untimely filed. *See Barritt v. Painter*, 215 W. Va. 120, 122, 595 S.E.2d 62, 64 (2004) . . . ." *Sims*, 239 W. Va. at 771, 806 S.E.2d at 427. To grant petitioner the relief he seeks on appeal would totally undermine the time limits on the filing of Rule 35(b) motions and this Court's prior holdings strictly enforcing those time limits. As such, he can be entitled to no relief.

*State v. Rucker*, No. 20-0615, 2021 WL 3833872, at *2 (W. Va. Aug. 27, 2021) (memorandum decision).[4] That same reasoning is applicable to petitioner's appeal in this case. His motion for resentencing was filed approximately thirty-five years after he was originally sentenced. This Court previously affirmed his conviction when petitioner timely appealed it, and petitioner has brought numerous appeals of the denial of his petitions for writs of habeas corpus with this Court repeatedly finding that he is not entitled to habeas relief.

While petitioner contends that he did not timely receive the State's response to his motion for resentencing, removing his ability to reply to the same prior to the entry of the circuit court's order denying that motion, the circuit court's findings of fact and conclusions of law were based upon the wealth of information before it, including opinions from this Court from petitioner's prior appeals. In addition to the fact that petitioner fails to tell this Court what would have been included in his reply that was likely to alter the circuit court's conclusions, for the reasons set forth herein, it is apparent that the circuit court's findings of fact were not clearly erroneous and its ultimate disposition was not an abuse of discretion.

Affirmed.

**ISSUED:** June 13, 2023

---

[4] Rule 45(b)(2) of the West Virginia Rules of Criminal Procedure provides,

Upon motion made after the expiration of the specified period, permit the act to be done if the failure to act was the result of excusable neglect; but the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them.

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

**DISQUALIFIED:**

Justice Tim Armstead