## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-414** (Monongalia County 19-F-231)

**Martin King,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Martin King appeals the Circuit Court of Monongalia County's June 8, 2023, order denying his request for relief under Rule 35(b) of the West Virginia Rules of Criminal Procedure, alleging that the court erred in finding that his motion was untimely filed.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On May 9, 2019, a Monongalia County Grand Jury indicted the petitioner on robbery in the second-degree. The petitioner was released from custody and absconded; the circuit court issued a capias warrant for his arrest. The petitioner was eventually apprehended, and, on May 16, 2022, he pled guilty to robbery in the second-degree. The court held a sentencing hearing on July 26, 2022. The petitioner requested a suspended sentence of probation or, in the alternative, home confinement. The State objected to the petitioner's request for alternative sentencing and asked the court for a sentence of imprisonment.

Prior to imposing its sentence, the court noted matters of significance in the petitioner's presentence investigation report: a history of substance abuse, his representation "that [he] did have a gun" in his pocket during the robbery in the present case, felony convictions and outstanding charges in other states, a history of absconding, and a relatively short-term connection to the City of Morgantown. Due to this history, the court determined that the petitioner was not an appropriate candidate for probation and sentenced him to not less than five nor more than eighteen years imprisonment for his conviction of robbery in the second-degree. The court informed the petitioner

---

[1] The petitioner is represented by Scott A. Shough. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

1

of substance abuse treatment options available in prison, directed counsel to review a notice of post-conviction rights with him, and indicated that the petitioner could file a Rule 35 motion "at an appropriate time in the future" to request a sentence reduction. The court entered an order memorializing its ruling on August 4, 2022.

On November 30, 2022, the petitioner filed a Rule 35(b) motion for reduction of sentence in the circuit court, indicating that, since his sentencing on July 26, 2022, he had obeyed the rules of the West Virginia Department of Corrections, and he was participating in a prison substance abuse treatment program. The petitioner further informed the court that he had spent time reflecting on how his past actions impacted the victim of his crime and his family and he was committed to living a productive life of sobriety if granted alternative sentencing. The State filed a written response to the petitioner's motion, asking the court to deny the request because his history of absconding "demonstrated that he was not amenable to supervision in the community."

On June 8, 2023,[2] the circuit court entered an order denying the petitioner's motion, finding that "it was not timely filed within 120 days of the sentencing hearing." The court's order also noted that even if the petitioner's motion had been timely filed, his previous inability to abide by supervision requirements, criminal history, and failure to complete in-custody substance abuse treatment were additional grounds on which the court would deny his motion. The petitioner now appeals the court's order denying his motion filed pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.

Rule 35(b) of the West Virginia Rules of Criminal Procedure provides that "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed[.]" We apply the following standard of review to a circuit court's denial of a Rule 35(b) motion:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

The petitioner alleges that the circuit court abused its discretion in denying his Rule 35(b) motion, asserting he should have been permitted to file outside the 120-day filing deadline based on his circumstances. The petitioner states that he relied on his counsel to timely file the motion and leniency was warranted considering how long the court took to rule on his motion. We have

---

[2] The petitioner's sentencing judge retired, and the former Monongalia County Prosecuting Attorney was appointed to the judicial vacancy. After the newly appointed judge recused herself from the present case due to her office's previous prosecution of the petitioner, the case was transferred to another circuit court division. The petitioner's Rule 35 motion remained pending during these changes.

held that

> [a] sentence is "imposed" for purposes of Rule 35(b) of the West Virginia Rules of Criminal Procedure when the sentence is verbally pronounced at the sentencing hearing. Accordingly, a motion to reduce a sentence under Rule 35(b) is timely when it is filed within 120 days after the sentence is pronounced at a sentencing hearing.

Syl. Pt. 4, *State v. Keefer*, 247 W. Va. 384, 880 S.E.2d 106 (2022). We have further held that "[a] circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." Syl. Pt. 2, *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017). In the present case, the court sentenced the petitioner to an indeterminate term of imprisonment on July 26, 2022. The record on appeal reveals that the petitioner filed his Rule 35(b) motion on November 30, 2022—seven days beyond the statutory filing deadline. The petitioner readily concedes that his motion was filed beyond the 120-day time limit established by Rule 35(b); nevertheless, he asserts that the circuit court abused its discretion when it denied his motion. However, the petitioner fails to cite any legal authority which would permit the circuit court to reach the merits of an untimely Rule 35(b) motion despite the jurisdictional bar. *See* W. Va. R. App. P. 10(c)(7) ("[A] brief must contain an argument exhibiting clearly the points of fact and law presented . . . and citing the authorities relied on[.]") Accordingly, we decline to reach the merits of the petitioner's arguments and determine that the circuit court did not err in finding that the petitioner's Rule 35(b) motion was not timely filed and therefore did not abuse its discretion in denying the petitioner's motion for reduction of his sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

3