**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-677** (Webster County CC-51-2022-F-18)

**Samual Cole Riffle,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Samual Cole Riffle appeals the Circuit Court of Webster County's October 24, 2023, order denying his request for relief under Rule 35(b) of the West Virginia Rules of Criminal Procedure, arguing that his sentence was disproportionate to his circumstances.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On January 19, 2023, the petitioner pled guilty to one count of second-degree sexual assault. Pursuant to a plea agreement with the State, the remaining count in the indictment, first-degree sexual assault, was dismissed. During the April 20, 2023, sentencing hearing, the petitioner requested an alternative sentence of probation or home confinement, which the court denied. The court sentenced the petitioner to an indeterminate term of ten to twenty-five years of imprisonment and entered an order reflecting its ruling on May 10, 2023. Thereafter, on September 1, 2023, the petitioner filed a motion for reduction of sentence pursuant to Rule 35(b). The court held a hearing and denied his motion. On October 24, 2023, the court filed an order memorializing its Rule 35(b) ruling. The petitioner now appeals the court's order denying his Rule 35(b) motion.

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

---

[1] The petitioner is represented by counsel Andrew Chattin. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, the petitioner argues that, in denying his Rule 35(b) motion, the circuit court failed to consider his youth,[2] lack of criminal history, and the significant amount of time he had already served. The petitioner further states that the court's sentence was unduly harsh and disproportionate to the totality of his circumstances. Rule 35(b) of the West Virginia Rules of Criminal Procedure provides that "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed." The Court has held:

> A sentence is "imposed" for purposes of Rule 35(b) of the West Virginia Rules of Criminal Procedure when the sentence is verbally pronounced at the sentencing hearing. Accordingly, a motion to reduce a sentence under Rule 35(b) is timely when it is filed within 120 days after the sentence is pronounced at a sentencing hearing.

Syl. Pt. 4, *State v. Keefer*, 247 W. Va. 384, 880 S.E.2d 106 (2022).

The appellate record indicates that the petitioner's Rule 35(b) motion was not timely filed. The circuit court verbally pronounced the petitioner's sentence of imprisonment on April 20, 2023. The petitioner did not file his Rule 35(b) motion until September 1, 2023, which exceeded the 120-day filing deadline. We have stated that "[a] circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." Syl. Pt. 2, *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017). Although the court denied the petitioner's Rule 35(b) motion on other grounds, we have further held that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." *See* Syl. Pt. 2, *Adkins v. Gatson*, 218 W. Va. 332, 624 S.E.2d 769 (2005) (citation modified). Therefore, the circuit court did not abuse its discretion in denying the petitioner's Rule 35(b) motion for reduction of sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[2] The petitioner was twenty-one at the time of appeal.

2