# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0837** (Harrison County 16-F-95-3)

**Barbara Jane Miller,**
**Defendant Below, Petitioner**

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Barbara Jane Miller, pro se, appeals the Circuit Court of Harrison County's August 9, 2017, order denying her motion for reduction of her sentence under West Virginia Rule of Criminal Procedure 35(b). The State, by counsel Gordon L. Mowen II, filed a response. On appeal, petitioner argues that the circuit court erred in concluding that it did not have jurisdiction to consider the merits of her motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 26, 2016, petitioner was charged by information with third offense or subsequent offense shoplifting. Pursuant to a plea agreement with the State, petitioner pled guilty on this same date to the offense charged in the information. The circuit court proceeded to sentence petitioner to not less than one nor more than ten years of incarceration, and it ordered that this sentence run concurrently with another sentence petitioner was serving.

Over one year later, on July 31, 2017, petitioner filed a "Motion for Sentence Reconsideration" under Rule 35(b). Finding that it lacked jurisdiction to consider petitioner's Rule 35(b) motion given her untimely filing of it, the circuit court denied the motion by order entered on August 9, 2017. It is from this order that petitioner appeals.

We have previously established the following standard of review regarding orders that deny Rule 35 motions:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the

1

underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016).

Petitioner argues on appeal that the circuit court erred in denying her motion without explaining why *Head* failed to confer jurisdiction. Further, because petitioner believes that the circuit court had jurisdiction to consider her motion, she assigns as error the court's failure to address the merits of her motion.

Rule 35(b) provides that

> [a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals . . . dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.

In Syllabus Point 2 of *State ex rel. State v. Sims*, 239 W.Va. 764, 806 S.E.2d 420 (2017), we made clear that "[a] circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule."[1] Accordingly, because petitioner's Rule 35(b) was filed more than one year after her sentence was imposed, the circuit court did not err in concluding that it lacked jurisdiction to consider it.

We also note that petitioner's reliance on *Head* is misplaced. In *Head*, we directed that,

> [w]hen considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice.

198 W.Va. at 299, 480 S.E.2d at 508, Syl. Pt. 5. This point of law speaks not to the circuit court's jurisdiction over a Rule 35(b) motion in the first instance, but rather to the circumstances that it may consider in ruling upon the motion *after* jurisdiction has been properly conferred with the filing of a timely motion. *Head*, therefore, provides no support for petitioner's position because the circuit court lacked jurisdiction to consider her motion as a preliminary matter.

---

[1]Although *State ex rel. State v. Sims*, 239 W.Va. 764, 806 S.E.2d 420 (2017), was decided after the filing of and the circuit court's ruling upon petitioner's Rule 35(b) motion, we note that the 120-day timeframe set forth in the rule had long been in effect. Moreover, in *Sims*, we cited to numerous instances where this Court upheld denials of Rule 35(b) motions as untimely, all of which predate petitioner's motion. 239 W.Va. at 771, 806 S.E.2d at 427.

For the foregoing reasons, the circuit court's August 9, 2017, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**:  October 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating