## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-1055** (Ohio County 11-F-24)

**Jack R. Watts,**
**Defendant Below, Petitioner**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jack R. Watts, appearing pro se, appeals the order of the Circuit Court of Ohio County, entered on November 13, 2018, that denies his motion for reduction of sentence. The State appears by counsel Patrick Morrisey and Holly M. Flanigan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Jack Watts was sentenced in October of 2011 to a term of incarceration for 215 to 705 years upon his conviction of four counts of sexual assault, five counts of first-degree sexual abuse, and nine counts of sexual abuse by a person in a position of trust to a child. The circumstances of his conviction have been presented to this Court on several occasions.[1] On this occasion, we are asked to review the circuit court's denial of Mr. Watts' motion for reconsideration of sentence, which he filed pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure in May of 2018, some six-and-a-half years after he was sentenced and nearly five years after this Court affirmed his conviction. We review Mr. Watts' assignments of error under a three-pronged standard, wherein we consider the circuit court's ultimate decision for abuse of discretion, the underlying facts for clear error, and questions of law and interpretations of statutes and rules on a de novo basis. *See* Syl. Pt. 1*, State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

Our dispatch of these prongs in consideration of the arguments presented is relatively swift. Rule 35(b) provides:

---

[1] *See State ex rel. Watts v. Ames*, No. 18-0003, 2019 WL 2499329 (W.Va. June 17, 2019) (memorandum decision); *Watts v. Ballard*, 238 W. Va. 730, 798 S.E.2d 856 (2017); and *State v. Watts*, No. 11-1643, 2013 WL 1632091 (W.Va. Apr. 16, 2013) (memorandum decision).

1

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

As the circuit court pointed out in denying the motion, petitioner's filing was made well outside the 120 days prescribed by the rule. Petitioner assigns as error the circuit court's failure to make specific findings in support of the denial, and the court's failure to conduct a hearing to determine whether he was adequately advised by prior counsel of the applicable time constraints. We conclude, however, that the circuit court did, in fact, make the critical finding that petitioner's motion was untimely, thus precluding consideration. "A circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." Syl. Pt. 2, *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017). Further findings would have been superfluous and improper.[2]

Mr. Watts argues that the circuit court should have conducted a hearing on his Rule 35(b) motion to determine whether counsel effectively advised him about motion strategy. This is not, however, the appropriate juncture to develop such evidence. "The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied." Syl. Pt. 9, *in part*, *State v. Woodson*, 222 W. Va. 607, 671 S.E.2d 438 (2008). As noted above, Mr. Watts has called upon this Court on direct appeal and in search of habeas relief, and he was given the opportunity to raise this issue most recently in 2017, when the circuit court made findings on his asserted twenty-three grounds for relief. *See State ex rel. Watts v. Ames*, No. 18-0003, 2019 WL 2499329 (W.Va. June 17, 2019) (memorandum decision). Inasmuch as Mr. Watts has not previously pursued a claim of ineffective assistance of counsel concerning Rule 35(b) motions practice, we deem this issue waived pursuant to syllabus point 4, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981)("A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known. . . .")

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 11, 2019

---

[2] We suggest, however, that circuit courts faced with an untimely motion for reduction of sentence should dismiss the motion upon finding that it was filed after the expiration of 120 days. *See Sims*, 239 W. Va. at 773, 806 S.E.2d at 429.

2

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison