# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jonathan Lind,**
**Petitioner Below, Petitioner**

**vs)  No. 18-0701** (Kanawha County 16-P-37 and 18-P-210)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**November 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jonathan Lind, pro se, appeals two orders of the Circuit Court of Kanawha County. In the first order, entered July 23, 2018, the circuit court denied petitioner's motion for relief from judgment. In the second order, also entered July 23, 2018, the circuit court dismissed petitioner's fourth petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Scott E. Johnson, filed a summary response in support of the circuit court's orders. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 31, 2006, petitioner killed Edward Ayers in the victim's home. Petitioner then stole the victim's credit card and vehicle and went on a shopping spree. On July 26, 2006, the grand jury returned a five-count indictment against petitioner: one count of murder, in violation of

---

[1]Since the filing of the appeal in this case, the superintendent at Mt. Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

1

West Virginia Code § 61-2-1; one count of first-degree robbery, in violation of West Virginia Code § 61-2-12(a)(1); and three counts of forgery of a credit card, in violation of West Virginia Code § 61-3-24a(c).

On October 2, 2006, petitioner's trial counsel filed a motion to withdraw at petitioner's request. Trial counsel argued that he be allowed to withdraw because "[c]ounsel and [petitioner] have substantially differing views of the merits of the case and how to proceed." At an October 23, 2006, hearing, petitioner informed the circuit court that "there's some points in my case that we don't see eye to eye on," but did not specify the points of their disagreement. Accordingly, the circuit court found that it "[did] not believe that [petitioner has] made a case for . . . appointing new counsel." By order entered November 20, 2006, the circuit denied the motion to withdraw.

In March of 2007, petitioner's case proceeded to trial. The State presented the testimony of Steven Jones. Mr. Jones testified that he accompanied petitioner on the shopping spree following the victim's death, during which petitioner used the victim's credit card at various retailers and traded the victim's vehicle for crack cocaine. Mr. Jones was cross-examined by petitioner's trial attorney. In petitioner's case-in-chief, petitioner testified that he went to the victim's house to "make some money" by providing sexual favors to the victim. However, an altercation ensued, and petitioner hit the victim with a claw hammer and took the victim's wallet, keys, and vehicle. Petitioner testified that he traded the vehicle for crack cocaine the following morning and admitted that he used the victim's credit card on two occasions. However, petitioner testified that Mr. Jones also used the credit card after petitioner gave it to him when the two were at the drive-thru at a fast food restaurant.

Following jury instructions and closing arguments, the jury convicted petitioner of second-degree murder, first-degree robbery, and three counts of forgery of a credit card. By order entered June 1, 2007, the circuit court sentenced petitioner to an aggregate term of incarceration of 33 to 150 years. Petitioner sought review of his convictions and sentence in this Court, which refused his appeal on March 20, 2008.

On October 2, 2008, petitioner filed a petition for a writ of habeas corpus in the circuit court, requesting a new trial. Petitioner received appointment of counsel and an evidentiary hearing was held on February 18, 2009. By order entered April 17, 2009, the circuit court denied petitioner's request for habeas relief. On April 28, 2009, petitioner filed a notice of appeal. Petitioner's first habeas counsel was relieved from further representation and a new attorney was appointed to represent petitioner in his habeas appeal. However, no appeal from the circuit court's April 17, 2009, order denying petitioner's first habeas petition was ever filed.

On November 17, 2009, petitioner filed a second habeas petition. By order entered February 5, 2010, the circuit court appointed yet another attorney to represent petitioner. On October 22, 2010, petitioner's attorney filed an amended petition. On December 12 and 14, 2012, the circuit court held an evidentiary hearing and ultimately determined that, because the appellate attorney in the first habeas proceeding failed to file an appeal, petitioner would be allowed to present evidence on all grounds for relief asserted in his amended habeas petition, including those

that the circuit court denied in the first habeas proceeding. Petitioner, his criminal trial attorney, and his attorneys from his first habeas proceeding all provided testimony.

By order entered January 9, 2014, the circuit court denied petitioner's second habeas petition. The court referenced that petitioner's attorney from the first habeas proceeding testified that he discussed the *Losh* checklist with petitioner and that petitioner "fully understood that any issue he did not raise at that time was waived forever."[2] The circuit court further referenced that, during petitioner's testimony, "he conceded that [his attorney] had reviewed the *Losh* [l]ist with him and that he understood it at that time." The circuit court found that, in the second habeas proceeding, petitioner was again advised of "his obligation to raise all grounds for post-conviction relief in one proceeding." The circuit court determined that petitioner's habeas attorney was not ineffective by failing to raise the issue of trial counsel's performance because the trial record reflected "no grounds on which to base any allegation of ineffective assistance of trial counsel."

Petitioner appealed the circuit court's January 9, 2014, order denying his second habeas petition to this Court, which affirmed the circuit court's ruling in *Lind v. Ballard* ("*Lind I*"), No. 14-0116, 2015 WL 5125884, at *7 (W. Va. August 31, 2015) (memorandum decision). In *Lind I*, we declined to consider the issue of whether petitioner's habeas attorney in his second proceeding was ineffective, finding that the claim "would more appropriately be raised in a new petition for writ of habeas corpus." *Id.* at *4. On January 29, 2016, petitioner filed a third habeas petition, raising ineffective assistance of counsel. Petitioner filed supplements to his petition on April 7, 2016, and September 2, 2016. By order entered on October 26, 2016, the circuit court denied petitioner's third habeas petition without a hearing and without appointment of counsel.

Petitioner appealed the circuit court's October 26, 2016, order in *Lind v. Ballard* ("*Lind II*"), No. 16-1033, 2017 WL 4570572 (W. Va. October 13, 2017) (memorandum decision). Petitioner argued that neither his first nor his second habeas proceeding constituted an omnibus habeas corpus proceeding. *Id.* at *4. However, in *Lind II*, we found that petitioner was previously afforded an omnibus hearing, which triggered the application of the doctrine of res judicata to generally bar the filing of successive habeas petitions. *Id.* We explained:

> First, we found in *Lind I* that by allowing petitioner to re-raise the claims in the second habeas proceeding, the circuit court cured the failure of the appellate attorney in the first habeas proceeding to file an appeal in that case. Second, the circuit court included a notation in its January 9, 2014, order denying habeas relief that petitioner was advised of "his obligation to raise all grounds for post-conviction relief in one proceeding." Moreover, in *Lind I*, we concurred with the circuit court's finding that the trial attorney in the first habeas proceeding had, in fact, "explained the *Losh* list and waiver requirements to petitioner and [that] petitioner understood his rights." Third, we find that in both petitioner's criminal case and his three

---

[2]In *Losh v. McKenzie*, 166 W. Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

habeas proceedings, the circuit court has made ample findings showing that petitioner's grounds for habeas relief are without merit[.]

*Lind II* at \*4 (Citations to *Lind I* omitted.).

Given that it constitutes an exception to the doctrine of res judicata, we addressed petitioner's claim that his habeas attorney in his second proceeding was ineffective. We ultimately rejected the claim, finding that "all of the grounds petitioner alleges that his second habeas trial attorney failed to raise are without merit and/or were encompassed within the issues fully and finally adjudicated in his appeal in *Lind I*." *Id.* at 6.[3] Accordingly, we affirmed the circuit court's denial of petitioner's third habeas petition. *Id.* at 7.

On August 7, 2017, petitioner filed a petition for a writ of mandamus to compel the circuit court to rule on outstanding motions from his third habeas proceeding as well as his criminal case, including motions for reduction of sentence filed on April 5, 2008, and September 29, 2015. By a September 27, 2017, order entered in the third habeas proceeding, the circuit court denied the outstanding motions.[4] After "carefully consider[ing] the [relevant] motions, exhibits[,] and affidavits," the circuit court denied the motions for reduction of sentence, finding that petitioner failed to provide any "factual basis upon which to grant a reduction in petitioner's sentence."

Petitioner appealed the circuit court's September 27, 2017, order in *Lind v. Ames* ("*Lind III*"), No. 17-0897, 2019 WL 2323829 (W. Va. May 31, 2019) (memorandum decision). In *Lind III*, this Court found that the circuit court lacked jurisdiction to consider the September 29, 2015, motion for reduction of sentence, given that it was untimely filed,[5] and affirmed the denial of the April 5, 2008, motion for reduction of sentence. *Id.* at \*4-5.

---

[3]In *Lind II*, petitioner argued that his second habeas attorney failed (1) to present the testimony of a witness, who had been convicted of maliciously assaulting the victim in a separate incident in 2004 and who refused to testify at petitioner's trial on the ground that his testimony might tend to incriminate him during his appeal of the malicious assault conviction; (2) to assert that the jury was not properly instructed with regard to the intent to steal, which is necessary to support a conviction for first-degree robbery; (3) to argue that petitioner was denied due process of law when co-counsel was not appointed in his criminal trial; (4) to assert that there was insufficient evidence to support the third conviction for forgery of a credit card; (5) to call Mr. Jones as a witness so that he could be impeached; (6) to assert that the circuit court's June 1, 2007, sentencing order failed to set forth sufficient findings to support petitioner's sentence; and (7) to argue that count two of the indictment, which charged petitioner with first-degree robbery, was defective. *Id.* at \*4.

[4]Given the entry of the circuit court's September 27, 2017, order, we refused petitioner's mandamus petition as moot by order entered October 11, 2017. We take judicial notice of the record in the mandamus action, Case No. 17-0702.

[5]In Syllabus Point 2 of *State ex rel. Smith v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017),

4

On March 23, 2018, petitioner filed a motion for relief from the September 27, 2017, order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Petitioner requested a stay to allow for the development of the record. On May 4, 2018, the circuit court received a letter from petitioner's sister, who asked that he be given leniency. On May 15, 2018, petitioner filed certificates indicating that he maintained satisfactory performance in his prison classes. By order entered July 23, 2018, the circuit court denied the motion, noting that it reviewed "relevant documents within the record and [c]ourt file." The circuit court found that petitioner failed to show any of the reasons set forth in Rule 60(b) as justifying relief under the rule.

Also, on June 14, 2018, petitioner filed a fourth habeas petition alleging (1) his attorney in the second habeas proceeding failed to investigate and raise the claim that trial counsel was ineffective by not putting on available mitigation evidence at petitioner's sentencing hearing; and (2) a change in the law that is favorable to petitioner. In a second order entered July 23, 2018, the circuit court dismissed the habeas petition, finding that a hearing was not required and that "this petition failed to demonstrate to this [c]ourt's satisfaction that [petitioner] is entitled to relief[.]" Petitioner appealed both of the circuit court's July 23, 2018, orders.

<u>The circuit court properly denied petitioner's motion for relief from<br>the circuit court's September 27, 2017, order denying the motions for reduction of sentence</u>

In *Lind III*, we found that the circuit court had jurisdiction to consider the April 5, 2008, motion for reduction of sentence and that it was proper to take into account the exhibits attached to the untimely filed motion for reduction of sentence. 2019 WL 2323829, *Id.* at \*4-5.[6] With that

---

we held "[a] circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." Although *Sims* was decided after the entry of the circuit court's September 27, 2017, order, we note that the 120-day timeframe set forth in Rule 35(b) had long been in effect. Moreover, in *Sims*, we cited to numerous instances where this Court upheld denials of Rule 35(b) motions as untimely, all of which predate petitioner's September 29, 2015, motion. *Id.* at 771, 806 S.E.2d at 427.

[6]In considering the exhibits attached to the September 29, 2015, motion for reduction of sentence, we noted in *Lind III* that Rule 35(b) required the circuit court to rule on the timely filed April 5, 2008, motion for reduction for sentence within "'a reasonable time.'" *Id.* at \*4. In Syllabus Points 4 and 5 of *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507(1996), we held:

> 4.      When a trial court fails to act on a motion timely filed by a defendant under Rule 35(b) of the West Virginia Rules of Criminal Procedure by reason of an administrative error, any resultant delay cannot, as a matter of law, be an unreasonable delay barring Rule 35(b) relief.

> 5.      When considering West Virginia Rules of Criminal

in mind, we now consider petitioner's challenge to the circuit court's denial of his motion for relief from the September 27, 2017, order denying the motions for reduction of sentence.

"An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974). Accordingly, in reviewing the denial of the Rule 60(b) motion, "the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." *Id.* at 778, 204 S.E.2d at 86, syl. pt. 4. Furthermore, the denial of the motion will not be disturbed on appeal "unless there is a showing of an abuse of such discretion." *Id.*, syl. pt. 5. Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

On appeal, petitioner argues that the circuit court's finding that he failed to show any of the reasons set forth in Rule 60(b) is insufficient to allow meaningful appellate review of its ruling. We disagree. In *Lind II*, we found that the circuit court's sentencing rationale was adequately reflected in the record where petitioner "murdered a man, robbed him, and engaged in forgery." 2017 WL 4570572, at *6 (quoting *Lind I*, 2015 WL 5125884, at *5)).[7] In *State v Redman*, 213 W. Va. 175, 180-81, 578 S.E.2d 369, 374-75 (2003), we rejected the argument that the trial court failed to fully consider the defendant's rehabilitation efforts, explaining:

> Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice.

[7]We note that our memorandum decisions in *Lind I*, *Lind II*, and *Lind III* each constitute an adjudication on the merits. *See In Re: T.O.*, 238 W. Va. 455, 464, 796 S.E.2d 564, 573 (2017); *State v. McKinley*, 234 W. Va. 143, 151, 764 S.E.2d 303, 311 (2014).

Clearly, a trial judge needs to consider the issue of rehabilitation in making its sentencing decisions. But those decisions are not to be made in a vacuum separate from the relevant facts that weigh on this serious issue and its attendant consequences on the community at large. To submit, as does Appellant, that the trial court utterly failed to consider rehabilitation and failed to explain why rehabilitation was not an option is to ignore the cumulative record in this case.

Here, the circuit court noted that it reviewed "relevant documents within the record and [c]ourt file." Accordingly, we find that petitioner fails to show that the circuit court did not give full consideration to his sister's letter and the certificates indicating that he maintained satisfactory performance in his prison classes. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's Rule 60(b) motion for relief from the September 27, 2017, order denying the motions for reduction of sentence.[8]

<u>The circuit court properly dismissed petitioner's fourth habeas petition.</u>

In Syllabus Points 1 and 3 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

1.     "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

. . . .

3.     "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194

---

[8]We further find that there was no reason for the circuit court to issue a stay to allow for the development of the record. With regard to both his request for a reduction in sentence and his request for habeas relief, petitioner argues that he is diligently seeking to obtain evidence not previously available. However, as respondent points out, petitioner has yet to obtain any newly discovered evidence. Rule 60(b) requires that a motion for relief from judgment based on newly discovered evidence be filed within one year of the judgment's entry. We find that petitioner may not evade this requirement by filing his Rule 60(b) motion prior to obtaining any newly discovered evidence and requesting a stay. Pursuant to Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), petitioner would be permitted to file a subsequent habeas petition once he obtains any newly discovered evidence. Therefore, we find that no reason existed for a delay in the circuit court's rulings on either the Rule 60(b) motion or the habeas petition.

S.E.2d 657 (1973).” Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

In Syllabus Point 4 of *Losh*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing . . . or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner argues that the circuit court’s dismissal of his fourth habeas petition was erroneous given that the court’s findings were insufficient under Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997), where we held that a habeas court is required to make specific findings of fact and conclusions of law relating to each contention raised. Here, petitioner raised two claims, and the circuit court found that a hearing was not necessary and that “this petition failed to demonstrate to this [c]ourt’s satisfaction that [petitioner] is entitled to relief[.]” We find that these findings were sufficient under the facts and circumstances of the instant case where the doctrine of res judicata bars successive habeas petitions subject to the exceptions set forth in Syllabus Point 4 of *Losh*.

Petitioner argues that habeas counsel failed to investigate and raise the claim that trial counsel was ineffective in not putting on available mitigation evidence at petitioner’s sentencing hearing. However, in *Lind I*, we affirmed the circuit court’s ruling that there were no grounds on which to base any allegation of ineffective assistance of trial counsel, finding that the claim “cannot be maintained.” 2015 WL 5125884, at *5. Therefore, we find that trial counsel’s alleged ineffectiveness has been previously and finally adjudicated and may not be resurrected under the guise of ineffective assistance of habeas counsel.

Petitioner further argues that the United States Supreme Court’s decision in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), represents a change in the law that is favorable to him. In *McCoy*, the Supreme Court held that “a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel’s experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty.” 138 S.Ct. at 1505. Assuming, arguendo, that the holding announced in *McCoy* extends beyond the death penalty-context, petitioner fails to make any argument regarding whether *McCoy* may be retroactively applied to cases that were final before it was decided.

Respondent argues that, even if *McCoy* could apply to petitioner’s case, it is factually distinguishable. We agree. Both petitioner and the defendant in *McCoy* testified at trial: petitioner, that he did not commit forgery of a credit card at a fast food restaurant; and the defendant, in *McCoy*, that he did not kill his family. 2017 WL 4570572, at *1; 138 S.Ct. at 1507. However, unlike the defendant’s attorney in *McCoy*, who made a concession that his client killed his family, 138 S.Ct. at 1506-07, petitioner’s trial attorney made no concession regarding the third count

8

alleging forgery of a credit card. While the record reflects that trial counsel's strategy was to focus the defense on the charges of first-degree murder and first-degree robbery given their severity, petitioner points to nothing to establish that his trial attorney conceded, over his objection, that he committed forgery of a credit card at the fast food restaurant. Therefore, based on our review of the record, we reject petitioner's argument that the Supreme Court's decision in *McCoy* represents a change in the law that is favorable to him. Accordingly, given that neither asserted exception to the doctrine of res judicata applies to this case, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's fourth habeas petition.

For the foregoing reasons, we affirm (1) the circuit court's July 23, 2018, order denying petitioner's motion for relief from the September 27, 2017, order denying his motions for reduction of sentence; and (2) the circuit court's separate July 23, 2018, order dismissing his fourth petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: November 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison