# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 19-0123** (Putnam County 86-F-59 and 88-F-2)

**Alan Lane Hicks,**
**Defendant Below, Petitioner**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Alan Lane Hicks, pro se, appeals the Circuit Court of Putnam County's January 18, 2019, order denying his Rule 35 motion for reduction of sentence. Respondent the State of West Virginia, by counsel Benjamin F. Yancey, III, submitted a summary response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1986, petitioner was indicted by a Putnam County Grand Jury for the first-degree murder of Pedro Gaona after Mr. Gaona's body was found floating in the Kanawha River in Putnam County. Mr. Gaona had been shot twice, and several items of personal property were missing from his person, including a gold bracelet, a gold necklace, and his wallet that contained approximately $10,000. In 1988, petitioner was indicted of aggravated robbery and conspiracy to commit murder; the indictment alleged that petitioner conspired with Curtis Ransom and David Reed to murder Mr. Gaona and that the three stole personal property from Mr. Gaona in excess of $200. The indictments were joined by order entered in June of 1988.

Petitioner was tried in September of 1988, and at the close of the State's case, the circuit court granted petitioner's motion for judgment of acquittal as to the charge of aggravated robbery but not the lesser included offense of grand larceny. The jury convicted petitioner of first-degree murder without a recommendation of mercy, conspiracy to commit murder, and grand larceny. Petitioner was sentenced to life in the penitentiary without the possibility of parole for first-degree murder, one to five years of incarceration for conspiracy to commit murder, and one to ten years of incarceration for grand larceny. In its October 25, 1988, sentencing order, the circuit court ordered that petitioner's sentences run concurrently to one another.

On February 23, 1989, petitioner filed a Rule 35 motion titled "Motion for Reduction of

1

Life Without Mercy Sentence Under Rule 35," wherein he requested that his sentence be reduced to life with mercy or, alternatively, to an indeterminate sentence of five to eighteen years.[1] Petitioner's motion centered around his lack of prior criminal history and his assertion that he did not fall into the category of criminal for which a life without mercy sentence is intended. The circuit court did not issue an order on that motion. Petitioner filed a direct appeal with this Court, though that appeal was refused in January of 1990.

Petitioner then filed a petition for writ of habeas corpus before the circuit court in 1997. Next, he filed a petition for a writ of mandamus with this Court, wherein he addressed the circuit court's failure to rule on his Rule 35 motion to reduce his sentence. In response, the circuit court stated that it lacked jurisdiction to rule on that motion due to its untimely filing. This Court issued a Rule to Show Cause Order in January of 2019, and the circuit court subsequently denied petitioner's Rule 35 motion due to a lack of jurisdiction, by order entered on January 18, 2019. The circuit court further held that, even if it had jurisdiction, a reduction of petitioner's sentence would be inappropriate due to the seriousness of his crimes. Petitioner appeals from that order.

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

On appeal, petitioner sets forth two assignments of error. First, he seeks the correction of what he claims is an illegal sentence. Petitioner contends that when the State argued against petitioner's motion for a judgment of acquittal as to robbery, the prosecutor stated that "[t]he essential difference is that the essential element of aggravated robbery is there is property taken

---

[1]Rule 35 of the West Virginia Rules of Criminal Procedure provides as follows:

(a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence.

(b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

by threat or presentment of a firearm, wherein grand larceny you don't have the element of a firearm." The circuit court granted the motion as to aggravated robbery but not as to the lesser included offense of grand larceny. Petitioner asserts that the "acquittal order is legally based upon a factual variance between the indictment and the proof at trial." Further, he argues that the State "created a collateral estoppel in an endeavor to secure a lesser included grand larceny conviction[, as t]he record reveals that originally the thrust of the motion for acquittal was the lack of intent to deprive the victim of property." He also contends that the "fundamental nature of the double jeopardy rule is manifested by its explicit extension to situations where an acquittal is based upon an egregiously erroneous foundation."

According to petitioner, his indictment directly tracked West Virginia Code § 62-9-6, which sets forth the language for a robbery indictment. Petitioner argues that "[o]ther than the elements of grand larceny the indictment stated that the petitioner 'did by presentment of a firearm . . . an assault unlawfully and feloniously make . . . .' The State's process of bringing separate indictments, then joining them, amended the indictment to a specific intent crime." He further contends that acquittals are substantive rulings that conclude criminal proceedings and raise significant double jeopardy concerns. Petitioner argues that, in the instant case, the acquittal "concluded proceedings, not only on the aggravated robbery charge, but the murder charge as well, because the robbery and the murder were alleged to be the same transaction."

Finally, with regard to his first assignment of error, petitioner asserts that his acquittal on the robbery indictment serves as an acquittal of first-degree murder. In an argument that is difficult to follow, petitioner points to *State ex rel. Daye v. McBride*, 222 W. Va. 17, 658 S.E.2d 547 (2007),[2] where petitioner contends this Court found that the trial court properly applied

> Rule 35(a) to change a prisoner's sentence where the State filed a timely recidivist information based on his two prior felony convictions, where he admitted the allegations in the information, and once that procedure was complete, the trial court has no authority but to impose a life sentence. If the Trial Court in *Daye* had no authority but to impose a life sentence after he admitted the allegations in the information, how much more would this Court be required to hold the State to the 'Black Letter Law' involved in the collateral estoppel at issue here now that the petitioner has pointed out the Prosecutor[']s reliance upon the theory that both charges were the same transactions, i.e., felony murder, then waived evidence required to support the murder.

The State argues that petitioner's challenges to the validity of his convictions are improper in a Rule 35 motion and cannot be raised for the first time on appeal. As this Court previously found, "a Rule 35(b) motion is essentially a plea for leniency from a presumptively valid conviction." *State v. Head*, 198 W. Va. 298, 306, 480 S.E.2d 507, 515 (1996). Further, "Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, in part, *Marcum*. We agree with the State that petitioner's argument is essentially that his sentence is illegal due to his alleged wrongful conviction. In addition,

---

[2]Although petitioner's argument seems to refer to felony murder, petitioner was found guilty of the charge of "murder in the first degree."

[a]s Justice Cleckley so eloquently wrote regarding this Court's role in reviewing a Rule 35(b) motion, absent a legal error or consideration of some impermissible factor,

> [c]ircuit court judges have a right to believe that so long as they have not violated a law or acted in a nefariously discriminatory way in imposing sentences, this Court will not sift through the nooks and crannies of their decisions determined on finding that which is not there. In being true to the judicial limitations of our constitutional role, we must let "[t]he matter of commutation or melioration . . . be addressed to the chief executive," *Colvin v. Commonwealth*, 247 Ky. 480, 57 S.W.2d 487, 489 (1933), and allow "[t]he length of the prison sentence [to] rest[ ] in the sound discretion of the trial court unless partiality, prejudice, oppression, or corrupt motive is shown." *State v. Johnson*, 159 S.C. 165, 156 S.E. 353, 354 (1930).

*Head*, 198 W.Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring).

*State v. Collins*, 238 W. Va. 123, 127, 792 S.E.2d 622, 626 (2016). For these reasons, we find that petitioner is not entitled to relief on his first assignment of error.

Petitioner's second claim of error is that he is entitled to a correction of his sentence because it was imposed in an "illegal manner." Petitioner argues that he was legally entitled to an instruction on self-defense but that the circuit court overruled petitioner's objection to the State's proposed instruction. He points to the testimony of witness Curtis Ransom, who testified that petitioner had a fight with the victim and that petitioner told Mr. Ransom that the victim was ready to attack. Petitioner argues that the "State used this extrajudicial admission to prove the murder charge. However, portions of the admission clearly negated the murder charge they were introduced to prove." According to petitioner, Mr. Ransom placed the issue of self-defense into question so it was up to the jury to determine whether the physical altercation served as the precipitating event to the victim's death. However, petitioner fails to cite any law in support of that contention.

Without citing any supporting authority, petitioner contends that this Court has held that it is erroneous in a first-degree murder case to infer intent, malice, willfulness, deliberation, or premeditation from the use of a deadly weapon where there is evidence that the defendant's actions were based on some legal excuse, justification, or provocation. Petitioner further argues that the circuit court's refusal to give the requested self-defense instruction violated petitioner's Fifth Amendment rights, in addition to Article III, § 5 of the West Virginia Constitution. It also impaired petitioner's rights under the Sixth Amendment and Article III, §§ 10 and 14 of the West Virginia Constitution. Finally, he contends that if the jury would have been

> properly instructed on the heat of passion involved in self-defense, no judge would have instructed, that malice need not exist in the heart of the petitioner, against the victim. Once the jury heard petitioner's extrajudicial admission, in which he

4

admitted to shooting the victim, they had no choice but to convict petitioner of murder, because the line between manslaughter and murder was removed.

Much like petitioner's first assignment of error, his attack on the jury instructions given or refused by the circuit court is an attack on petitioner's conviction, rather than an argument regarding the reduction of petitioner's sentence pursuant to Rule 35.

Recently, this Court dealt with a similar issue, finding as follows:

In short, it is abundantly clear that Rule 35(b) cannot be used as a vehicle to challenge a conviction or the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion. In other words, challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter. *See* Syl. Pt. 2, *State ex rel. Davis v. Boles*, 151 W.Va. 221, 151 S.E.2d 110 (1966) ("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired.").

The intent and purpose of the Rule being clear, we now hold that Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing.

*Marcum* 238 W. Va. at 31, 792 S.E.2d at 42 (internal citations omitted).

Moreover, as set forth above, Rule 35(b) motions must be filed within 120 days of the imposition of the sentence. As this Court found, "a circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." *State ex rel. State v. Sims*, 239 W. Va. 764, 773, 806 S.E.2d 420, 429 (2017). While petitioner failed to designate his motion as Rule 35(a) or (b), the motion was titled "Motion for Reduction of Life without Mercy Sentence under Rule 35" and requested a reduced sentence. Therefore, the circuit court treated the motion as a Rule 35(b) motion. Petitioner was sentenced by order entered on October 25, 1988, but he failed to file his Rule 35 motion until February 23, 1989, exceeding the 120-day limit.[3] Therefore, we find that petitioner is not entitled to relief on his second assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

---

[3]This Court has found that "[i]t is clear that Rule 35(b) imposes a 120-day limitation on filing a motion under it, and Rule 45(b)(2) prohibits enlargement of that time period. We have previously upheld circuit court rulings denying motions under Rule 35(b) as being untimely filed. *See Barritt v. Painter*, 215 W. Va. 120, 122, 595 S.E.2d 62, 64 (2004) . . . ." *Sims*, 239 W. Va. at 771, 806 S.E.2d at 427.

**ISSUED:**  January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison