**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**November 8, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Eric Holmes,**
**Petitioner Below, Petitioner**

**vs.) No. 20-0856** (Ohio County 20-C-133)

**Shawn Straughn, Superintendent, Northern**
**Correctional Center,**
**Respondent Below, Respondent**

# MEMORANDUM DECISION

Self-represented petitioner Eric Holmes appeals the September 30, 2020, order of the Circuit Court of Ohio County denying his petition for a writ of habeas corpus. Respondent Shawn Straughn, Superintendent, Northern Correctional Center, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2008, petitioner participated in the robbery of the home of Jonathan Ward and Kelly Mitchell, during which Mr. Ward was beaten with the butt of a shotgun. *State ex rel State v. Sims*, 239 W. Va. 764, 765-66, 806 S.E.2d 420, 421-22 (2017). On May 15, 2009, petitioner pleaded guilty to first-degree robbery, and the trial court sentenced him "to 75 years imprisonment." *Id.* at 766 n.6, 806 S.E.2d at 422 n.6. In 2017, petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. By amended order entered August 4, 2017, the trial court found that the motion was timely filed

1

for reasons not apparent on the face of the record.[1] The trial court deferred ruling on the motion "inasmuch as [petitioner] has not yet served the minimum sentence of ten (10) years [of incarceration]."

In both 2018 and 2019, petitioner renewed his motion for reduction of sentence. By order entered on March 29, 2019, the trial court denied the motion. In April of 2019, petitioner filed a motion effectively asking the trial court to reconsider its denial of the Rule 35(b) motion. By order entered on August 5, 2019, the trial court declined to reconsider its denial of the motion for reduction of sentence. Relying upon Syllabus Point 5 of *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996), the trial court found that it would be "usurping the role of the parole board" if it entertained petitioner's Rule 35(b) motion "several years into a prison sentence."[2]

On June 8, 2020, petitioner filed a petition for a writ of habeas corpus. Therein, petitioner alleged that the trial court exhibited bias against petitioner in denying his motion for reduction of sentence. Petitioner further alleged that, prior to his guilty plea, trial counsel failed to adequately investigate his case and that "[b]ut for the actions and/or inactions of [p]etitoner's counsel, . . . [p]etitioner would likely have been offered a better plea offer." By order entered September 30, 2020, the circuit court denied the habeas petition based upon its review of the petition, "the applicable law[,] and the underlying criminal file."

Petitioner now appeals the habeas court's September 30, 2020, order. This Court reviews a circuit court's order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court
> in a habeas corpus action, we apply a three-prong standard of review. We review

---

[1]In Syllabus Point 2 of *State ex rel State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017), this Court held that "[a] circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." Accordingly, this Court in *Sims* issued a writ of prohibition prohibiting the trial court in the case of petitioner's co-defendant, Robert McFarland, from enforcing its order reducing Mr. McFarland's sentence from seventy to thirty-five years of incarceration. *Id.* at 773, 806 S.E.2d at 429.

[2]In Syllabus Point 5 of *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996), this Court held that

> [w]hen considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, *as long as the circuit court does not usurp the role of the parole board*, it may consider matters beyond the filing period when such consideration serves the ends of justice.

(emphasis added).

the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

. . . .

"'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). In Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997), this Court held that "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined."[3]

On appeal, in arguing that the September 30, 2020, order should be reversed and that this case be remanded to the habeas court for a hearing and appointment of counsel, petitioner asserts that the court failed to make specific findings with regard to each of his grounds of relief. Respondent counters that the habeas court made sufficient findings to support its denial of the petition, which should be affirmed by this Court. We agree with respondent.

Based on our review of petitioner's brief, we find that petitioner refers to the habeas court's findings in his arguments. With regard to petitioner's claim that the trial court exhibited bias against petitioner, petitioner notes that the habeas court "construed [the claim] as challenging a reduction of sentence motion['s] denial." While petitioner disagrees with this construction of the

---

[3]West Virginia Code § 53-4A-7(c) provides, in pertinent part:

When the court [in a post-conviction habeas corpus proceeding] determines to deny or grant relief . . ., the court shall enter an appropriate order . . . . In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

Rule 9(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia imposes a similar requirement for findings of fact and conclusions of law.

claim, it corresponds to the allegation in the petition where petitioner states that the "denial of [p]etitioner's Rule 35(b) [motion] indicates [the trial judge's] bias[ ] against [p]etitioner and his lack of impartiality in the proceedings." We find that the habeas court properly rejected the claim as there was no reason "to question the trial judge's impartiality" and the denial of the Rule 35(b) motion "had a reasonable basis in law." *State v. Brown*, 177 W. Va. 633, 641, 355 S.E.2d 614, 622 (1987).

With regard to the ineffective assistance of trial counsel claim, petitioner argues that the habeas court improperly rejected this claim based upon the "erronious [sic] finding that the claim was presented in a previous habeas proceeding[.]"[4] The habeas court found, inter alia, that "there have been no . . . changes in the law to justify altering the [c]ourt's previous ruling."

Under the law applicable to petitioner's ineffective assistance claim, a specific test is utilized in cases where the defendant has pleaded guilty:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

> . . . .

> In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pts. 3 & 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213 (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

Here, we find that the allegations set forth in the petition do not warrant a hearing or appointment of habeas counsel. In the petition, while petitioner alleged that his counsel's actions or inactions resulted in a less-favorable plea offer, petitioner failed to allege that, but for trial counsel's purported errors, he would have insisted on going to trial. We agree with respondent's

---

[4]The instant petition was the third habeas petition filed by petitioner. Petitioner's first petition was denied by order entered on August 11, 2016, and his second petition was denied by order entered on December 18, 2017.

position that petitioner's disappointment with his plea agreement fails to satisfy the *Strickland/Miller* test. Therefore, we conclude that the habeas court did not abuse its discretion in denying the petition.

For the foregoing reasons, we affirm the circuit court's September 30, 2020, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** November 8, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

5